## S. P. Kooser v. H. M. Housh.

1. Instructions—*Should Not be Misleading.*—Where the evidence is conflicting the instructions should be accurate and not misleading.

Assumpsit, for work and services. Trial in the Circuit Court of Knox County, on appeal from a justice of the peace; the Hon. John

A. GRAY, Judge, presiding. Verdict and judgment for defendant. Error by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

J. A. McKENZIE and A. M. BROWN, attorneys for plaintiff in error.

M. J. DOUGHERTY, attorney for defendant in error.

MR. JUSTICE CRABTREE delivered the opinion of the court.

Plaintiff in error brought suit before a justice of the peace, to recover a balance of wages alleged to be due him for the services of his minor son, who had been in the employment of defendant in error. On the trial before the justice plaintiff in error recovered a judgment, but on appeal to the Circuit Court there was a trial *de novo*, resulting in a verdict and judgment in favor of defendant in error.

There is no dispute that plaintiff in error's son, Albert Kooser, was a minor, and that he worked for defendant in error during a portion of the years 1895 and 1896. On the first hiring, which was for $15 per month and board, it clearly appears that plaintiff in error notified defendant in error that he would claim his son's wages and that they were to be paid to him. However, he gave certain orders for several sums to be paid to the son, and defendant in error claims that in July, 1895, plaintiff in error authorized him thereafter to pay the wages to the son, and that this order was never revoked, and he insists that in pursuance of this alleged authority he paid the son in full for all the work he did, and in fact overpaid him. Plaintiff in error brought one suit before a justice of the peace which he dismissed; he then brought a suit in attachment in the name of the minor son, which was also dismissed; subsequently he brought this suit in attachment for $135, the amount he claimed was due for the son's wages. Plaintiff in error denies ever having given defendant in error any general authority to pay the wages to the son, and aside from this question there is a sharp conflict in the evidence as to

whether defendant in error paid the son in full for his work as he claims to have done. Under this condition of the evidence it was important that the jury should have been accurately instructed. We think the thirteenth instruction given for defendant in error was clearly erroneous and misleading. It is as follows:

"13. The court instructs you that even though you may believe from the evidence that S. P. Kooser had a right to the wages of his son, nevertheless if he gave his son the right to collect them, then and in that case the father can not recover in this case if he ordered or told Housh to pay the son, Albert Kooser, whether Housh paid all that was due him or not."

If the instruction was given on the theory that the son had been manumitted by the father, it was erroneous, because there was no sufficient evidence upon which to base it. If it was given upon the theory that plaintiff in error had constituted the son his agent to receive the money, then such agency was revocable, and if anything still remained due for wages, plaintiff in error would be entitled to recover it.

But by this instruction the jury were practically told that if plaintiff in error had ever given his son authority to collect his wages, then plaintiff in error could not recover, whether anything were due or not. The evidence failing to show manumission by the father, he would still be entitled to recover for any wages still owing by defendant in error, notwithstanding the latter might have been authorized to pay them to the son. The instruction referred to entirely ignored this view of the case, and no doubt misled the jury into supposing it made no difference whether anything was due or not, because plaintiff in error could not recover in any event if he had authorized defendant in error to pay the wages to the minor son.

For the error in giving this instruction the judgment must be reversed and the cause remanded.